

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BEGG, an individual,<br><br>                              Plaintiff,<br>vs.<br><br>DELL FINANCIAL SERVICES, L.L.C.; et al.,<br><br>                              Defendants. | CASE NO. 10-cv-1524 BEN (BGS)<br><br>ORDER GRANTING DEFENDANT JPMORGAN CHASE BANK'S MOTION TO DISMISS<br><br>[Docket No. 4] |

    Before the Court is Defendant JPMorgan Chase Bank's ("Chase's") Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

    This action arises from Defendants' alleged debt collection practices. With respect to Defendant Chase, Plaintiff alleges that, on or around October 2, 2009, he informed Chase that he was represented by counsel on matters concerning his debt and that Chase must contact his attorney instead of him. (Compl., ¶¶ 27-28.) Despite this notice, Chase allegedly continued to call Plaintiff everyday through and including October 14, 2009. *Id.* at ¶¶ 24-25. In some instances, Chase called multiple times a day. *Id.*

    On July 22, 2010, Plaintiff initiated this action against Defendants. Plaintiff asserts two causes of action against Chase: (1) Violation of the California Rosenthal Act (Second Cause of Action), and (2) Invasion of Privacy: Intrusion Into Private Affairs (Third Cause of Action). On August 25, 2010,

1  Chase filed the Motion currently before the Court. (Docket No. 5.) The Motion only seeking to
2  dismiss one of the claims asserted against Chase, namely Plaintiff's claim for invasion of privacy.
3  Therefore, the Court only addresses that claim herein.

4  Plaintiff filed an opposition to the Motion, and Defendant filed a reply. The Court finds the
5  matter appropriate for determination on the paper without oral argument, pursuant to Local Civil Rule
6  7.1.d. For the reasons that follow, the Court **GRANTS** Chase's Motion.

## DISCUSSION

8  Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if the complaint fails
9  to state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).
10 Under this standard, the complaint must state enough facts to raise a reasonable expectation that
11 discovery will reveal evidence of the claim. *Id.* at 556. To survive Rule 12(b)(6) dismissal here,
12 Plaintiff must sufficiently allege that (1) Chase's conduct intruded into a private place, conversation
13 or matter, and (2) was done in a manner highly offensive to a reasonable person. *Taus v. Loftus*, 40
14 Cal.4th 683, 725 (2007).

15 "To prove actionable intrusion, the plaintiff must show the defendant penetrated some zone
16 of physical or sensory privacy surrounding, or obtained unwanted access to data about, the plaintiff.
17 The tort is proven only if the plaintiff had an objectively reasonable expectation of seclusion or
18 solitude in the place, conversation or data source." *Shulman v. Group W. Prods., Inc.*, 18 Cal.4th 200,
19 232 (1998). Here, Plaintiff fails to identify any zone of privacy that Chase allegedly invaded. In
20 particular, Plaintiff fails to identify where he received Chase's calls, *i.e.*, whether he received the calls
21 on his home phone, work phone, cell phone, or other phone. Without this information, it is impossible
22 to determine whether a zone of privacy existed.

23 As to the second element, Plaintiff's claim is likewise deficient. In determining whether a
24 plaintiff sufficiently pleads "highly offensive" conduct, the Court considers: "the degree of intrusion,
25 the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and
26 objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded."
27 *Detersa v. Am. Broad. Co., Inc.*, 121 F.3d 460, 465 (9th Cir. 1997) (citing *Hill v. Nat'l Collegiate
28 Athletic Ass'n*, 7 Cal.4th 1 (1994)). In this case, the Complaint fails to identify when the calls were

made or the content of the calls. It is also unclear whether Plaintiff even answered the calls or spoke with someone from Chase. Accordingly, the Complaint fails to sufficiently allege "highly offensive" conduct by Chase.

In light of the above, the Court finds that Plaintiff's Third Cause of Action fails to state sufficient facts to raise a reasonable expectation that discovery will reveal evidence of Plaintiff's privacy claim against Chase.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant JPMorgan Chase Bank's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). As asserted against Defendant JPMorgan Chase Bank, Plaintiff's claim for invasion of privacy (Third Cause of Action) is dismissed without prejudice.

**IT IS SO ORDERED.**

Date: 10/05/2010

Hon. Roger T. Benitez
United States District Court Judge